UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JANOME AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> Bravo United, Inc. d/b/a Bravo Pro, d/b/a Tango, Ltd., d/b/a Tango, Inc., and d/b/a Direct Technologies, Inc. and Alexander Vassiliev, <br><br> Defendants. | Civil Action No. <br><br> **COMPLAINT** <br> **JURY TRIAL DEMAND** |

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION AND DESIGNATION OF ORIGIN, AND COMMON-LAW UNFAIR COMPETITION

Plaintiff, Janome America, Inc. ("Janome"), files this Complaint against Bravo United, Inc. d/b/a Bravo Pro, d/b/a Tango, Ltd., d/b/a Tango, Inc., and d/b/a Direct Technologies, Inc. (hereafter collectively "Bravo United, Inc." or "Corporate Defendant"), and Alexander Vassiliev, an individual, and states and alleges as follows:

1. Janome is a corporation duly organized under the laws of the state of Illinois and maintains its primary place of business in Mahwah, New Jersey. Janome sells sewing machines all over the country, including in this District.

2. Defendant Vassiliev owns and operates Defendant Bravo United, Inc., a Florida corporation with an alleged principal place of business at 248 SW 6th Court, Pompano Beach, Florida 33060. Upon information and belief, Bravo United, Inc., goes by a variety of names including Bravo Pro, Tango, Ltd., Tango, Inc., and Direct Technologies, Inc., but is most commonly known as Bravo Pro.

#37816691_v1

3.  Defendant Vassiliev is the owner and principal of the Corporate Defendant and a resident of Florida.

4.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. Further, this Court possesses subject matter jurisdiction over this action insofar as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between citizens of different states as provided in 28 U.S.C. § 1332(a)(1). Additionally, this Court has supplemental jurisdiction over Janome's state law claims under 28 U.S.C. § 1367(a) insofar as these claims are so related to the federal claims in the action that they form part of the same case or controversy.

5.  This Court has personal jurisdiction over the Defendants by virtue of the long-arm jurisprudence of the State of Florida. Specifically, the Defendants have committed tortious acts within the state of Florida by, *inter alia*, selling and/or offering to sell products that infringe the trademarks of Plaintiff Janome, unfairly compete with the products of Plaintiff Janome, and make false representations as to the quality and character of the goods offered by Defendants, by virtue of Defendants' sales and offers for sales on multiple websites, through which Defendants advertise and sell and/or offer to sell products that infringe the trademarks of Plaintiff Janome to residents of Florida.

6.  Venue is properly placed in this District and Division pursuant to 28 U.S.C. § 1391.

## FACTS

7.  Janome, along with its Japanese corporate parent, Janome Sewing Machines Co. Ltd., is one of the world's leading manufacturers and sellers of sewing machines. It sells its sewing machines through a network of authorized dealers and exercises quality control over the activities of its dealers and use of its **JANOME** name and **JANOME** mark by these dealers.

8.     Janome's Japanese parent, Janome Sewing Machine Co., Ltd., is the owner of several incontestable U.S. trademark registrations, including the following:

- Reg. No. 614,776 – **JANOME** – for "sewing machines (hand, foot, and electrically operated) and parts thereof;"
- Reg. No. 2,019,523 – **JANOME** – for "electro presses and industrial desktop type robots;" and
- Reg. No. 3,526,297 – **JANOME** – for "sewing machines; metal working machines, namely, mechanical press, press fitting power caulking, stamping, bending, and coining machines; industrial robots in class 7."

Copies of corresponding trademark registration certificates are attached and made a part hereof as **Exhibit 1**.

9.     Neither Defendant Vassiliev nor the Corporate Defendant has ever been an authorized dealer of **JANOME** products and none of them have any sort of authorization from Janome to sell products, including sewing machines, embroidery machines, sergers and other goods, under the **JANOME** mark.

10.    Defendants place advertisements for products sold under the **JANOME** name and mark on numerous websites including Amazon.com. Attached and made a part hereof as **Exhibit 2** are copies of pages downloaded from the World Wide Web showing goods marked with the **JANOME** mark offered for sale by Defendants.

11.    Defendants falsely hold out their alleged **JANOME** products as including manufacturers' warranties, when no such warranties are actually included.

12. Upon information and belief, Defendants have advertised **JANOME** products for the purpose of attracting customers, even when Defendants possessed no stock in any **JANOME** branded products.

13. Janome, in writing, has explained to Defendants the nature of its complaint and demanded that Defendants cease their unauthorized use of Plaintiff's **JANOME** mark and stop their false representations, but Defendants have persisted and continue to persist in such infringing and violative activities.

14. Upon information and belief, Defendants have sold and/or offered to sell and continue to sell and/or offer to sell their infringing products to residents of Florida, and such residents have been attracted to Defendants' advertisement and alleged products by Defendants' use and prominent display of Plaintiff's **JANOME** mark.

## NATURE OF THE TRADE AND COMMERCE

15. Plaintiff Janome manufactures, distributes, markets, and sells throughout the United States sewing machines designed for home and commercial use under the **JANOME** name and mark and has continuously done so since the 1950s. Janome has continuously used the **JANOME** name and mark in commerce in connection with the manufacture, distribution, marketing and selling of sewing machines designed for home and commercial use.

16. For many years Janome has spent substantial amounts in advertising and promoting goods sold under its **JANOME** mark.

17. As a result of its efforts, Janome has developed valuable trademark rights including common-law rights in its **JANOME** mark, extending nationwide.

18. The mark **JANOME** as applied to sewing machines is a strong, fanciful designation, entitled to a broad scope of protection, especially when considered in light of the extent of advertising and sales by Janome under this designation.

19. As a result of Janome's long, extensive, exclusive, and continuous use of the **JANOME** name and mark in connection with sewing machines and related products, such as sergers and embroidery machines, and as a result of the enormous public exposure due to it through sales, advertising, promotion and excellent gratuitous publicity, the name and mark **JANOME** has acquired secondary meaning and has become extremely well and favorably known as a designator of origin for products of Janome. The trademark **JANOME** serves to identify the source of Plaintiff's sewing machines.

20. Plaintiff has retained the services of the undersigned attorneys to represent its interests in this cause and have agreed to pay a reasonable fee for their services.

21. All required conditions precedent for the bringing of this action, if any, have been satisfied, discharged, or waived.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

22. Plaintiff Janome realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 21, inclusive above.

23. On information and belief defendant has used the **JANOME** mark in connection with products that do not include the manufacturer's warranties provided by Janome.

24. Plaintiff Janome possesses valid and superior common-law and federal statutory rights in the mark **JANOME**.

25. By reason of Plaintiff Janome's prior adoption and use of the **JANOME** federally registered trademark, Plaintiff's rights in and to the **JANOME** mark is superior to and supersede any rights Defendants may have in the mark **JANOME**.

26. Defendants, at the time it sold or offered for sale machines bearing the **JANOME** mark, were on constructive notice of the existence of Plaintiff Janome's rights to the **JANOME**

mark, by reason of the existence of Janome's federal trademark registrations or those of its Japanese parent company.

27. On information and belief, Defendants had actual knowledge of Plaintiff Janome's prior and superior right to the **JANOME** mark.

28. On information and belief, Defendant is marketing and selling substantially identical goods under the **JANOME** mark, which are the property of Plaintiff and its Japanese parent.

29. Use by Defendants of the **JANOME** mark to sell and offer for sale sewing machines, embroidery machines, sergers and other equipment is without the permission or authorization of Plaintiff Janome.

30. The class of customers for the goods sold by Defendants is the same as the class of customers to whom Plaintiff offers its goods.

31. In view of the substantially identical nature of the parties' goods, the confusing similarity caused by the use of the same trademarks by the two parties, the substantially similar channels of trade and classes of purchasers of the parties' goods, Defendants' continued use of the mark **JANOME** is likely to cause confusion, mistake and deception among purchasers and the public generally, leading them to believe, falsely, that Defendants' goods are those of, sponsored or approved by, or are in some way connected with Plaintiff, to the irreparable injury of Plaintiff and of the public. Despite such a likelihood of public confusion, mistake or deception, Defendants have continued to use and are presently using the mark **JANOME** disregarding Plaintiffs' demands that Defendants cease this activity.

32. On information and belief, Defendants' acts complained of herein have for their objective the willful appropriation of Plaintiffs' rights in the mark **JANOME** and of the valuable goodwill of Plaintiffs' business, thereby unlawfully benefitting Defendants.

33. On information and belief, the continued use of the trademark **JANOME** by Defendants in connection with the sale of sewing machines, embroidery machines, sergers and other related equipment, will be likely to injure the business and reputation of Plaintiff and will dilute the distinctive quality of Plaintiff Janome's federally registered trademark **JANOME**.

34. Defendants' use of the mark **JANOME** in connection with the sale of sewing machines, embroidery machines, sergers and other equipment is without Plaintiffs' consent, and is likely to cause confusion, mistake or deception and constitutes direct infringement of Plaintiff Janome's federal trademark rights, in violation of Title 15 U.S.C. § 1114. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as set forth in the prayer for relief.

### COUNT II: FEDERAL UNFAIR COMPETITION, FALSE REPRESENTATION AND FALSE DESIGNATION OF ORIGIN

35. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 21, inclusive above.

36. The acts complained of aforesaid actually deceive and are likely to deceive the public into believing, falsely, that Defendants' products are those of, sponsored or approved by, or are in some way connected with Plaintiff, all to the irreparable injury of Plaintiff's trade and goodwill and to the injury of the public.

37. The aforesaid acts constitute federal unfair competition in the form of passing off, false representation, false advertising and false designation of origin, all in direct violation of 15 U.S.C. § 1125(a).

**WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

### COUNT III: DECEPTIVE ACTS AND PRACTICES IN VIOLATION OF THE COMMON LAW OF THE STATE OF FLORIDA

38. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 21, inclusive above.

39. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

40. Defendants' unauthorized use of Plaintiff's **JANOME** mark on their various websites constitutes deceptive trade practices in violation of the common law of the State of Florida.

41. Upon information and belief, Defendants committed these infringements and violations willfully, knowingly, maliciously, and in conscious disregard for Janome's rights.

42. Defendants' infringements and violations have caused, and unless enjoined by this Court will continue to cause, irreparable injury to Janome.

43. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

### COUNT IV: COMMON LAW UNFAIR COMPETITION

44. Plaintiff realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 21, inclusive above.

45.     This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

46.     On information and belief, the acts of Defendants, as heretofore alleged, have been done with the intent to deceive the public, for the purpose of misappropriation of Plaintiff's valuable goodwill and proprietary interest in the **JANOME** mark and in undertaking such actions, Defendants have acted to cause injury to Plaintiff, all of which constitutes unfair competition under the common law of the State of Florida.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as set forth in the prayer for relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

1.      That Defendants and their officers, directors, agents, owners, employees, representatives and attorneys and all others acting under, or in concert with them, or with any of them, be forthwith preliminarily and permanently enjoined and restrained from:

    a.      infringing Plaintiff's rights to the mark **JANOME**; using the designation **JANOME** or any colorable imitation thereof upon any product or product container or on defendants' website, letterhead, signage, advertising or promotional material, either in print or broadcast or electronic form or other forms either separately or compositely with other words, symbols or devices, as a corporate or trading name or as a trademark, in connection with the sewing machines, embroidery machines, sergers or related equipment;

    b.    in any manner imitating Plaintiff's mark **JANOME** for the purpose of acquiring Plaintiff's trade and goodwill by imitation, fraud, mistake or deception; and

    c.    unfairly competing with Plaintiff in any manner whatsoever.

2.    For an Order holding that Defendants' activities complained of herein constitute Federal Trademark Infringement, Federal Unfair Competition, Deceptive Practices under the Common Law of the State of Florida, and Unfair Competition under the Common Law of Florida.

3.    For an Order directing Defendants to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction, a report, in writing, and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and any further orders of this Court.

4.    That Defendants and their agents, employees, representatives, and all others acting under their direction or control or in concert with them, or any of them, be ordered to immediately deliver up for destruction all product, labels, packaging, containers, tags, advertising materials, catalogs, promotional material, flyers, signs, disks, tapes and any and all other materials which bear Plaintiff's **JANOME** mark or any colorable imitation thereof or any other designation which contains or consists of the Plaintiff's **JANOME** mark.

5.    For joint and several liability for damages and a trebling of same, profits and costs of suit, pursuant to 15 U.S.C. § 1117 (a).

6.    For an award of attorneys' fees due to the exceptional nature of this case, pursuant to 15 U.S.C. § 1117 (a).

7. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff Janome demands a trial by jury on all issues so triable.

Respectfully submitted,

**JANOME AMERICA, INC.**

Date: November 17, 2015                By:   /s/ Matthew Zimmerman
                                             Matthew Zimmerman
                                             Florida Bar Number # 011484
                                             HOLLAND & KNIGHT LLP
                                             222 Lakeview Avenue
                                             Suite 1000
                                             West Palm Beach, FL 33401
                                             Telephone: 561.833.2000
                                             Facsimile:  561.650.8399
                                             matthew.zimmerman@hklaw.com
                                             *Attorneys for Plaintiff*
                                             *Janome America, Inc.*

And

Thomas W. Brooke
***Pro Hac Vice Motion Forthcoming***
HOLLAND & KNIGHT LLP
800 17th Street, N.W., Suite 1100
Washington, D.C. 20006
202.663.7271
thomas.brooke@hklaw.com
*Attorneys for Plaintiff*
*Janome America, Inc.*